[No. 3006.    April 5, 1926.]

MURPHEY v. MURPHEY et al.

[246 Pac. 907.]

### SYLLABUS BY THE COURT

Complaint and demurrer thereto examined and **held**, that the demurrer should have been overruled.

Appeal from District Court, Bernalillo County, Hickey, Judge.

---

[1] 36Cyc p. 773 n. 52

Suit by Meta Murphey against W. T. Murphey and others for specific performance. From the judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded, with directions.

See, also, 31 N. M. 75, 240 P. 1115.

E. W. Dobson, of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, for appellee W. T. Murphey.

### OPINION OF THE COURT

PARKER, C. J. On March 10, 1921, the plaintiff (appellant) brought suit for a divorce against defendant (appellee) W. T. Murphey, and for a division of the community property. During the pendency of the suit, the defendant Murphey made a contract for the sale of a portion of the community property to one of the other defendants. Plaintiff brought this suit in equity to compel specific performance of the contract by the defendant Murphey, upon which contract the validity of a note for $50,000, a part of said community property, depended, and a half interest wherein had been decreed to the plaintiff in the divorce case. Plaintiff alleged that said Murphey was attempting to violate the said contract. The other parties were brought in so all the equities might be adjusted. A demurrer to the complaint was interposed by the defendant Murphey, raising various objections to its sufficiency. We have examined the demurrer and fail to find therein any meritorious objections to the complaint, and we are unable to understand the theory upon which the demurrer was sustained, not having been furnished with briefs by counsel for the defendant Murphey. Apparently the complaint states a cause of tion, and the demurrer should have been overruled.

It follows that the judgment is erroneous and should be reversed, and the cause remanded to the district court, with directions to overrule the demurrer, and it is so ordered.

BICKLEY and WATSON, JJ., concur.